UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY MICHAEL CARDELL HILL,

                              Plaintiff,

               -against-

THE CITY OF NEW YORK, *et al.*,

                              Defendants.

19-CV-3973 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, alleges that Defendants violated his rights and asserts that the Court has federal question jurisdiction over his claims. By order dated May 7, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

# BACKGROUND

Plaintiff's claims arise out of two separate criminal proceedings and his criminal defense lawyers' representation of him. Although his claims arise out of those proceedings, the complaint primarily concerns Aubrey Drake Graham, the rapper known as Drake. Plaintiff names as defendants the City of New York, the Legal Aid Society (LAS), and his two former lawyers, Zorha Ahmed and Megan Lacey. The following facts are taken from the complaint:

In 2013, when Drake "commit[ed] blasphemy with his album," he caused "New York City criminal and supreme court [to lie] and bring [Plaintiff] to 'Rikers Island' when they know [that] 'Drake' is lying on [Plaintiff's] life." (Compl. at 6, 7.)

In 2016, officers from the New York City Police Department (NYPD) arrested Plaintiff for grand larceny, and Ahmed was assigned to represent him. Ahmed recommended that Plaintiff, who was detained at Rikers Island, meet with a jail psychiatrist because Plaintiff "was telling her" about "'Drake'[ ] and how people that's in the community also lying for 'Drake.'" (*Id.* at 7.) Around this time, the jail psychiatrist "sen[t] the correction officers to bring [Plaintiff] to a cell[ ] [but] before [they did so, they] punch[ed] [Plaintiff] in the face." (*Id.* at 8.)

After this incident, Plaintiff visited with Ahmed, and she arranged for him to be moved to Kirby Forensic Psychiatric Center (Kirby), where a doctor injected Plaintiff "with all types of medications over 10 times" during a six-month period. (*Id.*) On July 13, 2017, Plaintiff pleaded guilty in New York Supreme Court, New York County, and Judge Thomas Farber sentenced him to time served; Judge Farber also instructed Plaintiff to speak with the Department of Correction (DOC) officer, who was in the courtroom, "to calculate [Plaintiff's] time." (*Id.*) That officer, Captain Soto, calculated Plaintiff's time and informed Plaintiff that he "didn't have time served." (*Id.* at 9.) Soto explained that Plaintiff needed to serve 100 additional days. DOC then assumed custody of Plaintiff, sending him back to Rikers Island.

The following day, on July 14, 2017, a correction officer "found out" that Captain Soto "was lying [ ] about [Plaintiff's] time served." (*Id.*) Rikers Island officers sent Plaintiff to see a jail psychiatrist, and within 20 minutes of that visit, DOC released Plaintiff.

In 2018, NYPD officers arrested Plaintiff for criminal mischief and grand larceny, and on March 26, 2018,[1] after Lacey was assigned to represent Plaintiff, the two met and Plaintiff explained Drake's role in Plaintiff's life. Plaintiff pleaded guilty, and on February 15, 2019, DOC released him from Rikers Island.

On March 28, 2019, Plaintiff "was housed at 'Mental Health House'" on Staten Island where he does not feel safe. (*Id.* at 11.) He "feel[s] like they are trying to trap me on 'Staten Island and bring [him] to that empty hospital[ ] and inject [him] with medication[ ] because [he] don't fit in with the other patients." (*Id.*)

In addition to these allegations, Plaintiff asserts that "this complaint [is] about a civil action that occurred on 'April 4, 2019,'" an action that Plaintiff never describes. (*Id.* at 6.)

Plaintiff seeks money damages in the amount of "'Trillion Zillion Gazillion Gazillion Gazillions.'" (*Id.* at 12.)

## DISCUSSION

### A.     Plaintiff fails to state a claim against LAS, Ahmed, and Lacey

Because Plaintiff asserts that the Court has subject matter jurisdiction over his claims under the federal question statute, 28 U.S.C. § 1331, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983.

---

[1] Plaintiff states that this incident occurred on March 26, 2019, but given the timeline of events, the date in the complaint appears to be a mistake.

To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Defendants LAS, Ahmed, and Lacey are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983, and the Court dismisses these defendants with prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Plaintiff fails to state a claim against the City of New York**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See*

*Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not state any facts suggesting that a New York City policy, custom, or practice caused any injury to him. In fact, Plaintiff does not state any facts showing that the City of New York was involved personally in any of the incidents he describes. The Court therefore dismisses the City of New York as a defendant for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     The Court grants Plaintiff leave to amend the complaint to assert claims against the correction officers who allegedly assaulted him**

Plaintiff states that sometime in either 2016 or 2017, correction officers at Rikers Island assaulted him by punching him in the face. The Court grants Plaintiff leave to amend this claim to provide more facts, including: (1) the date of the alleged assault; (2) the Rikers Island facility in which the alleged assault took place; and (3) a description of the events leading up to the alleged assault. Plaintiff is also granted leave to name the officers.

**D.     The Court grants Plaintiff leave to amend the complaint to assert claims against the Kirby doctors who medicated him**

The Court liberally construes Plaintiff's claims regarding his being medicated at Kirby as asserting that Kirby doctors forcibly medicated him, violating his rights under the Fourteenth

Amendment. The Due Process Clause of the Fourteenth Amendment protects an inmate's "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs." *Washington v. Harper*, 494 U.S. 210, 221-222 (1990). The Second Circuit has held that the New York State statutory scheme governing involuntary medication meets "the minimum facial requirements of due process – both substantive and procedural." *Project Release v. Prevost*, 722 F.2d 960, 971 (2d Cir. 1983); *see also Rodriguez v. City of New York*, 72 F.3d 1051, 1062 (2d Cir. 1995) ("New York's overall statutory scheme governing involuntary commitments has been held facially sufficient to meet the requirements of due process.").

To state a § 1983 claim arising from the forced administration of medication, a plaintiff must allege facts showing that he refused the medication before it was administered, *see, e.g.*, *Ambrose v. Dell*, No. 12-CV-6721, 2016 WL 894456, at *3 (S.D.N.Y. Mar. 8, 2016), and that the medicine was administered without court authorization or in the absence of an emergency situation, as required by New York State law. *See, e.g.*, *Spencer v. Bellevue Hosp.*, No. 11-CV-7149 (CM), 2012 WL 1267886, at *8 (S.D.N.Y. Apr. 12, 2012).

Here, Plaintiff's allegations are not sufficient to state a claim that he was medicated without due process or that Kirby doctors otherwise acted improperly or unlawfully. Plaintiff merely states that Kirby doctors "injected [him] with all types of medications over 10 times" for a six-month period. (Compl. at 8.) But he does not allege facts showing that those doctors forcibly medicated him in violation of the Fourteenth Amendment.

Though the Court is inclined to dismiss this claim, because Plaintiff is proceeding *pro se*, and it is not clear that leave to amend would be futile, *see Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), the Court grants Plaintiff

leave to amend this claim to assert any facts that support a forced medication claim and to name the Kirby doctors who allegedly injected him against his will.

**E.    The Court grants Plaintiff leave to amend the complaint to assert claims against Captain Soto, who allegedly miscalculated Plaintiff's time**

Plaintiff states that on July 13, 2017, after Judge Farber sentenced him to time served, Captain Soto miscalculated his time, informing Plaintiff that he needed to serve an additional 100 days. Plaintiff also states that DOC released him the following day; he therefore claims that he served one extra day. The Court grants Plaintiff leave to amend this claim, by naming Captain Soto as a defendant and reasserting the facts that support this claim.

**F.    This Court is not the proper venue for any claims arising in Staten Island**

To the extent Plaintiff seeks to bring claims regarding his current housing in Staten Island, this Court is not the proper venue for those claims.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff alleges that he feels trapped in his Staten Island housing, but he does not name any defendants associated with this claim. Because Plaintiff does not allege that any defendant personally involved in his Staten Island housing claim resides in this district or that the events or omissions giving rise to this claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Staten Island, which is in the Eastern District of New York. *See* 28 U.S.C. § 112. Though venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), the Court declines to sever this action and transfer to the Eastern District of

New York Plaintiff's Staten Island housing. If Plaintiff intended to bring a claim concerning events that occurred in Staten Island, he is free to file a new action in the Eastern District of New York.

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claims against the correction officers who allegedly assaulted him, the Kirby doctors who allegedly injected him with medication, and Captain Soto.

First, Plaintiff must name as the defendants in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint.

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-3973 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to

excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   May 21, 2019
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
  ☐ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                  Zip Code

_____

Telephone Number                          Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State                    Zip Code

Defendant 2:
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State                    Zip Code

Defendant 3:
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State                    Zip Code

Defendant 4: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City           State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| |
|---|
| Telephone Number | Email Address (if available) |


I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.