UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERAMY MICHAEL CARDELL HILL,

                           Plaintiff,

            v.                                                    **ORDER**

CAPTAIN SOTO,                                               19 Civ. 3973 (ER)

                           Defendant.

RAMOS, D.J.

        On May 2, 2019, Jeramy Michael Cardell Hill filed a *pro se* complaint against the City of

New York (the "City") and others.  Doc. 1.  On May 21, 2019, the Court dismissed the

complaint, and granted Plaintiff leave to amend.  Doc. 5.  On July 15, 2019, Plaintiff filed an

amended complaint against the City and the New York City Department of Correction ("DOC").

Doc. 6.  On August 7, 2019, the Court issued an order of service dismissing the City and DOC as

defendants and adding Captain Soto as a defendant.  Doc. 8 at 3.  On November 22, 2019, the

City informed the Court that it had been unable to identify Captain Soto.  Doc. 16.  On

November 25, 2019, the Court directed Plaintiff to provide the City with more information

regarding Captain Soto.  Doc. 17.  On January 9, 2020, the City informed that Court that Plaintiff

did not recall any more details about Captain Soto and requested that it be relieved of identifying

him.  Doc. 18.  That same day, the Court granted the City's request to be relieved.  Doc. 19.

Since then, Plaintiff has not been in contact with the Court.  On January 19, 2021, the Court

ordered Plaintiff to show cause why the case should not be dismissed by February 2, 2021.  Doc.

20.  The Court specifically warned that "[f]ailure to comply with Court orders may result in

sanctions, including dismissal for failure to prosecute under Rule 41(b)."  *Id.*  Because Plaintiff

has not advanced this case in over a year, or complied with the Court's most recent order, the

Court dismisses this case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## I.      Standard

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).  When

weighing these factors, "[n]o single factor is generally dispositive."  *Baptiste v. Sommers*, 768

F.3d 212, 216 (2d Cir. 2014).

## II.      Discussion

Each *LeSane* factor weighs in favor of dismissing Plaintiff's case.  *First*, Plaintiff has

made no effort to advance his case in over a year.  "A delay of eight months to one year in

prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under

Rule 41(b).  *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2

(S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Plaintiff had notice that his case could be dismissed if he failed to respond to the

Court's orders.  The Court specifically warned that "[f]ailure to comply with Court orders may

result in sanctions, including dismissal for failure to prosecute under Rule 41(b)."  Doc. 20.

*Third*, the Court may presume prejudice from unreasonable delay.  *LeSane*, 239 F.3d at

210.  Because Plaintiff has not done anything to advance his claims in over a year, or complied

with the Court's most recent order despite a warning that failure to do so could result in dismissal

of his case, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Plaintiff has not seized his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (citation omitted).

*Fifth*, no weaker sanctions than dismissal could remedy Plaintiff's failure to prosecute his case. Not only has Plaintiff failed to advance his case for over a year, but he has also failed to comply with the Court's most recent order. *Pro se* plaintiffs must still comply with Court orders. *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (collecting cases).

For all of these reasons, the Court dismisses Plaintiff's case with prejudice. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to close the case.

It is SO ORDERED.

Dated: April 6, 2021
New York, New York

_____
Edgardo Ramos, U.S.D.J.